[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11524

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TARAS HODIVSKY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00080-KD-B-1

_____

Before JORDAN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

The district court denied Taras Hodivsky, Jr. compassionate release on the ground that he posed a danger to the community, and particularly children. On appeal, Mr. Hodivsky argues that the district court erred by failing to analyze whether his reasons for seeking release were extraordinary and compelling or to consider the 18 U.S.C. § 3553(a) factors. Because a finding of danger forecloses relief, the district court did not err in not considering the other conditions for compassionate release. We therefore affirm.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, § 3582(c)(1)(A), however, provides a limited exception:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons

> warrant such a reduction . . . and that such a reduction
> is consistent with applicable policy statements issued
> by the Sentencing Commission.

The "applicable policy statement" to which § 3582(c)(1)(A) refers is U.S.S.G. § 1B1.13, which states that the court may reduce a term of imprisonment if, among other things, it "'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), the district court may reduce a prisoner's sentence if (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so would not endanger any person or the community. *Id.* If the district court finds against the prisoner on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021). *See also Tinker*, 14 F.4th at 1237-38 ("[N]othing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

Mr. Hodivsky's arguments are foreclosed by our precedent. In determining that Mr. Hodivsky posed a threat to the community and to children, the district court necessarily found that his release would be inconsistent with the policy statement in U.S.S.G. § 1B1.13, which is one of the three 18 U.S.C. § 3582(c)(1)(A) requirements. Having made that finding, the district court was not required to consider the other two requirements.

Mr. Hodivsky, moreover, does not contest the district court's finding that he posed a danger. Because he has abandoned any challenge to that finding, the district court's order must be affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 f.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-11524-DD
Case Style:  USA v. Taras Hodivsky, Jr.
District Court Docket No:  1:19-cr-00080-KD-B-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF
system by registering for an account at www.pacer.gov. Information and training materials
related to electronic filing are available on the Court's website. Enclosed is a copy of the court's
decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36.
The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for
filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise
provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is
timely only if received in the clerk's office within the time specified in the rules. Costs are
governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested
Persons a complete list of all persons and entities listed on all certificates previously filed by
any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be
reheard must be included in any petition for rehearing or petition for rehearing en banc. See
11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate
or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via
the eVoucher system. Please contact the CJA Team at (404) 335-6167 or
cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher
system.

For questions concerning the issuance of the decision of this court, please call the number
referenced in the signature block below. For all other questions, please call Bradly Wallace

Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion